**864**

Donald Ray HILL, alias George Richard
Adams, Appellant,

v.

The STATE of Texas, Appellee.

No. 41626.

Court of Criminal Appeals of Texas.

Nov. 27, 1968.

Preston DeShazo, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, Texas, James Paul Barklow, Jr., Stephen P. Tokoly, Camille Elliott, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The offense is shoplifting; the punishment, two years in jail and a fine of $250.

The sufficiency of the evidence to sustain the conviction is challenged by appellant.

The facts are fairly summarized in the state's brief, as follows:

"On November 7, 1967, Appellant and two companions entered the National Shirt Shop in downtown Dallas. Mr. Judge, manager of the store, approached Appellant, who remained in the front of the store, while the other two (2) men went toward the back. Mr. Judge asked Appellant if he needed any help, to which Appellant replied, 'No, I am just looking around.'

"The manager next observed Appellant looking at some sweaters which were displayed on tables in the store. Then Mr. Judge saw Appellant walking toward the front door and noticed a large bulge under Appellant's coat on the left side.

"Mr. Judge immediately started toward the front door, too, and Appellant looked back and saw that he was being followed. When Appellant reached the sidewalk, he began to run with Mr. Judge in hot pursuit.

"Officer Hanson, a traffic policeman, testified that on the day in question, he was in his usual place of duty when he heard someone shout, 'Stop that man, stop that man.' He then observed Appellant running toward him with Mr. Judge, whom Officer Hanson knew and recognized, following close behind. Officer Hanson grabbed Appellant, but both fell down, and Appellant managed to get away.

"Officer Waterson, a plainclothesman in an unmarked car, saw Appellant running with * * * Officer Hanson * * * chasing him. At this point, Officer Waterson pulled up abreast of Appellant and arrested him.

"At the time of Appellant's arrest, no sweater was found on or about his person. However, during the chase, Appellant ran past the Wig Hut, a shop where a Miss Jane Martinez worked. She testified that she saw three (3) men run past the shop

and that she then stepped outside the door where she observed a sweater * * * laying on the ground. She picked it up and took it inside. A few minutes later, Mr. Judge came in the Wig Hut, identified himself, and explained that the sweater belonged to him."

In addition, it was shown by the testimony of Judge, the store manager, that the sweater recovered was one and the same as that previously on display in his store.

The issue of appellant's guilt was submitted to the jury upon a charge on the law of circumstantial evidence.

It is appellant's contention that the evidence is insufficient to show that he took the sweater from the store.

Although no witness testified to seeing appellant in possession of the sweater or seeing him take it from the store, the facts and circumstances are sufficient to warrant a finding by the jury that he did remove it from the retail business establishment as charged in the indictment, contrary to the provisions of Art. 1436e, P.C.

We hold the evidence sufficient to sustain the conviction.

The judgment is affirmed.