Genaro Resendez **DURAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45681.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 8, 1972.

Bradley C. Miles, San Angelo, for appellant.

Royal Hart, Dist. Atty., Aaron Goldberg, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

The appellant was convicted of burglary on June 25, 1971, and punishment was assessed at five years. Imposition of the sentence was suspended and probation was granted.

One of the conditions of probation was that appellant commit no offense against the laws of this or any other state or of the United States. On September 24, 1971, a motion to revoke probation was filed alleging that appellant violated the above condition by committing the offense of shoplifting. A hearing was held on November 22, 1971, and as a result thereof appellant's probation was revoked.

The contention on appeal is that the trial judge abused his discretion in finding, "beyond a reasonable doubt," that appellant committed an "offense against the laws of this state," thereby violating a condition of his probation.

The record reflects that on September 4, 1971, Homer Medlock, Security Manager for K–Mart Discount Store, observed the appellant removing a pair of brown, striped trousers from its place on the rack inside the K–Mart store. The appellant was seen taking the trousers into a dressing room; he was then seen coming out of the dressing room without the trousers. The dressing room was searched and no trousers were found. Appellant did not display the trousers at the register as he left the store. Medlock followed the appellant outside to the parking lot and told him to "hold it just a minute." At that time, appellant ran and he was seen reaching down his trousers and throwing something down. He was apprehended and returned to the store and one of the persons chasing him retrieved a pair of trousers that "looked like" the same trousers appellant had removed from the store. Medlock testified that appellant had not been given permission to take the trousers.

We hold that the evidence is sufficient to support the trial court's finding.[1] See Hill v. State, Tex.Cr.App., 434 S.W.2d 864. No abuse of discretion has been shown.

The judgment is affirmed.

ONION, Presiding Judge (concurring).

I concur in the affirmance, but would note that this case supports the statement I made in the dissenting opinion in Kelly v. State, 483 S.W.2d 467 (Tex.Cr.App.1972, No. 44,791), to the effect that trial judges are accustomed to applying the "reasonable doubt" standard of proof in revocation of probation cases.

---

1. It should be further noted that proof beyond a reasonable doubt is not required in probation revocation hearings. Kelly v. State, Tex.Cr.App., 483 S.W.2d 467.