**Kathy Lee MILLER, Appellant,**

v.

**STATE, Appellee.**

**No. 01–82–0144–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 15, 1983.

Rehearing Denied Dec. 8, 1983.

Robert Bennett, Houston, for appellant.

J. Sidney Crowley, Houston, for appellee.

Before JACK SMITH, DUGGAN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

The appellant was convicted by a jury of the third degree felony offense of theft of a pistol, after which the court assessed her punishment at three years confinement, probated, and ordered restitution in the sum of $300. In a single ground of error, she asserts the evidence is insufficient as a matter of law to support the verdict of guilty.

The complainant, Wayne McPherson, had a stainless steel 9 mm. caliber Ruger Speed Six revolver on display with other hand guns for sale or trade at a gun show in Pasadena on October 31, 1981. The weapon was found to be missing within moments after witness Louis Shamahorn saw the appellant standing at the end of McPherson's browse table and holding in both her hands, below table level, a chrome or stainless steel revolver, "at least a .38 caliber, with a six-shot cylinder and a two or three inch barrel." Shamahorn did not actually see appellant pick up anything from the table. The dealer, McPherson, was unaware of appellant's presence because he was talking attentively to one or two men standing in front of his display booth to appellant's immediate left. Shamahorn, who was about three feet to appellant's left rear, noticed that appellant was extremely nervous; she kept looking down at the table and back up at the dealer. Shamahorn watched her for about two minutes and then moved from her left rear side around to her right rear side, where he continued to watch her for another three minutes while he tried at the same time to catch the dealer's eye. Appellant then turned, placed the gun under her left arm, and walked off with her hands folded. When Shamahorn immediately asked McPherson if he was missing a gun, McPherson saw a "hole" in his table display where the 9 mm. Ruger had been, and answered affirmatively. Shamahorn told him "the young lady just walked off with one of your guns."

While McPherson went to find a policeman, Shamahorn walked through the arena in the direction the young woman had taken and found her, within three or four minutes, sitting alone behind the browse table of another dealer, Frankie Vernagallo, her boyfriend. McPherson and the police officer approached, and Shamahorn told them he had located the girl and pointed her out to them. The officer told appellant that she had been observed taking a gun from another dealer's browse table, identified Shamahorn as the person who had seen her, told all parties to remain, and left to go to the telephone. Within a few minutes, Vernagallo came up, sat down next to appellant, and talked in whispers with her

while the security guard went to call for a police unit. Neither appellant nor Vernagallo made any statement or explanation concerning the incident to the accuser or officers. Shamahorn noticed two leather bags and what looked like a briefcase under the table in front of the two. Just before the guard returned, 12 to 15 minutes later, Vernagallo left and went into a nearby restroom. Shamahorn saw nothing in Vernagallo's hands as he went. Appellant was taken into custody at Vernagallo's booth, the stated basis for the arrest being for investigation of theft and an outstanding traffic warrant.

No search for the missing gun was conducted, and the weapon was not recovered. McPherson testified that he did not have the serial number of the stolen gun, because he had just taken it on consignment the day before, and would have routinely recorded it when he returned home from the show. McPherson testified that the weapon had a value of between $250 and $300.

At trial, the defense introduced two exhibits, a 9 mm. Ruger, which both defense and complainant agreed was identical to the described stolen gun, and a receipt for its purchase by Frank Vernagallo. Vernagallo, a licensed gun dealer, testified that he bought the exhibit weapon at a Houston gun show on September 20, over a month before the theft in question. Both he and appellant testified that he asked appellant to take the gun around to various tables at the show to see if she could find a .357 caliber weapon just like it. Appellant testified that she took this gun and went to another table, where she thought Vernagallo had said a .357 was exhibited, but did not find one there. She continued to stroll about, carrying the Ruger, and arrived at McPherson's table where she stopped because she saw a gun that looked like the one Vernagallo asked her to locate. She stated that she looked at the gun and determined it was a 9 mm. Ruger, "the same kind that I had in my possession," and not a .357. She testified,

> I had picked up the other gun and saw it was not the one that I was supposed to be looking for and put it down. When I picked up mine and started to walk off from the table, I did notice this thing had bullets in it, from what I could tell.

She testified that she became frightened because she knew it was against the gun show's rules to have ammunition in show guns. She was afraid somebody at the complainant's table would see the bullets in the gun, and "[s]o I got the gun and took off and went straight back to my table." She testified she did not run to the table, "but turned quickly and walked fast." Back at Vernagallo's table, she discovered that the shells in the pistol were empty, and she was relieved.

Since no witness testified to seeing appellant pick up the complainant's gun from the complainant's display table, and since the missing weapon was not recovered, the State relied upon circumstantial evidence to prove one element of the offense, i.e., the appropriation of the complainant's gun by appellant.

 Where a conviction is based on circumstantial evidence, the sufficiency of the evidence is to be viewed in light of the presumption that the accused is innocent. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr. App., 1983); *Wilson v. State,* No. 67,282 (Tex.Crim.App., March 23, 1983) (not yet reported). The standard for appellate review of the sufficiency of the evidence in such cases is that the evidence is insufficient if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused; proof amounting only to a strong suspicion or mere probability is insufficient. *Wilson, supra; Sewell v. State,* 578 S.W.2d 131 (Tex. Cr.App.1979). Under this standard, every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Porter v. State,* 634 S.W.2d 846 (Tex.Cr.App.1982); *Nathan v. State,* 611 S.W.2d 69 (Tex.Cr.App.1981).

 It is not required in circumstantial evidence cases that every fact point directly and independently to the defendant's guilt. It is enough if the conclusion is warranted

by the combined and cumulative force of all the incriminating circumstances. *Nathan v. State, supra. Accord McCarron v. State,* 605 S.W.2d 589, 593 (Tex.Cr.App.1980). A conviction for theft has been upheld, for example, when the defendant was neither seen nor found in possession of the stolen property. In *Hill v. State,* 434 S.W.2d 864, 865 (Tex.Cr.App.1968), the defendant was seen looking at sweaters displayed on tables and then walking toward the front door of the store with a noticeable bulge under his coat. When he realized the manager was following him, he began to run. He did not have the sweater when he was apprehended, but it was lying in the path of his attempted flight.

■ Appellant urges that the defense testimony at trial suggested a reasonable and uncontroverted explanation and hypothesis, inconsistent with her guilt, which accounted for her conduct about which the State's witnesses testified. Appellant's theory is that her own testimony, the witness Vernagallo's testimony, and the pistol and bill of sale exhibits which she introduced showed (1) that the pistol she was seen holding at the complainant's display table was Vernagallo's 9 mm. Ruger, which at his request she carried to and from complainant's display table for comparison purposes, and (2) that her nervousness was caused by her sudden realization that Vernagallo's pistol was loaded with what she thought erroneously was "live" ammunition.

We disagree for two reasons. The complainant, McPherson, testified that before its removal his stolen Ruger was displayed with other exhibit items on the table, that he knew exactly where each item was, and that he was thus able to see immediately the "hole" in his display where the Ruger had been when Shamahorn asked if a gun was missing after appellant walked away. If appellant had replaced McPherson's pistol after picking it up to examine, as she said she did, there would have been no "hole" in the display. The "hole" was created only when McPherson's pistol was picked up, and appellant testified she picked

it up. The witness Shamahorn testified that he never saw her put a pistol down.

However, because the jury is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by either State or defense witnesses, *Johnson v. State,* 571 S.W.2d 170 (Tex.Cr.App.1978), the jury was entitled to disbelieve the above defensive testimony, as it obviously chose to do. The State was not required to rebut the defensive explanation. In *Johnson,* a prosecution for carrying a prohibited weapon, the defendant urged that once he established his defense of "a person traveling," the evidence was thereafter insufficient to support his conviction because the State failed to introduce evidence to controvert his defensive proof. The Texas Court of Criminal Appeals held that the State was not required to rebut the defensive issue raised by introducing positive controverting evidence. *Id.* at 173.

In accepting or rejecting any or all of the testimony of any witness, the jury could look to the evidence offered by both State and defense in determining the facts and issues. *Wright v. State,* 437 S.W.2d 566 (Tex.Cr.App.1969). In *Wright,* a robbery defendant testified that he furnished other persons a pistol to pawn and that he waited across the street from the scene of the robbery which followed, unknown to him. The court held that it was in the province of the jury to accept the defendant's testimony that he furnished the pistol, and to reject his explanation that he tendered the weapon to co-parties to pawn, and not to use in a robbery.

In the case before us, the jury heard defense testimony that appellant brought with her to the complainant's display table a 9 mm. Ruger which she carried for comparison purposes, that she picked up the complainant's identical Ruger, and that she set it down again. The jury was equally entitled to believe her testimony that she picked up the complainant's weapon, and to reject her testimony that she brought an identical weapon with her, that she picked up complainant's weapon only for comparison, that she set it down after examining it, and that the weapon she carried away was

the one she brought to the table initially. The fact that appellant's version involving two guns was not offered before or at the time of her arrest, or at any time before trial, could have affected her credibility with the jury.

Appellant urges that the complainant's pistol was "not specifically identified but only generally described." The complainant testified that he had on display a 9 mm. caliber Ruger Speed Six revolver, "a collector's item," which he had taken on consignment the previous day. Appellant, herself offered in evidence a 9 mm. Ruger (withdrawn by her witness as an exhibit before appeal, along with the purported bill of sale) which both she and her witness testified was the same weapon she took to the complainant's display table for comparison, and carried away when she left. She testified that it was identical to the weapon she found there on display. Appellant's own testimony and exhibit thus identified and described complainant's missing weapon identically to the complainant's description of it in his earlier testimony.

Convictions were reversed in the recent decisions of *Wilson, supra,* and *Carlsen, supra,* because of insufficient proof of identity of the property allegedly stolen with that shown to have been in the defendant's possession. Here, appellant's own testimony established that she held the item in question moments before its disappearance.

Viewed in light of the appellant's presumption of innocence, we find that the evidence excludes every other reasonable hypothesis except that of her guilt.

Appellant's ground of error is overruled. The conviction is affirmed.