**Ronnie Earl WILSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–81–0742–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 19, 1984.

Gerald Scheve, Houston, for appellant.

Karen Zellers, Houston, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from an order revoking probation.

On February 18, 1980, the appellant pleaded guilty to the offense of robbery. The trial court assessed punishment of a $500 fine and six years confinement, probated. The State filed a motion to revoke appellant's probation on July 27, 1981. At a hearing on the motion on September 30, 1981, the court found that the appellant had violated a condition of probation by committing the offense of theft. The court revoked appellant's probation and sentenced him to four years confinement. Appellant challenges the sufficiency of the evidence.

The evidence established that the complainant was a financial analyst for an investment firm located on the 11th floor of a downtown office building. When the complainant entered her office, she saw the appellant picking up her briefcase from behind the desk. When she asked the appellant what he was doing he said, "I dropped something on the floor." The appellant put the briefcase down and began walking out the front door. The complainant told the appellant to wait, but he continued to walk out. She followed the appellant telling him that she wanted to find out if he had taken anything from her briefcase. The appellant walked back into the office with the complainant and her coworker, but left while the complainant was telephoning the building's security office. The complainant reported the incident and gave a description of the appellant. The security guard detained the appellant until the complainant arrived at the security office, where she identified the appellant as the person who tried to take her briefcase. Houston police were called to the security office where they searched the appellant but found no stolen articles. The complainant admitted that no articles had actually been stolen from the office.

The appellant testified that he was inside the building in an attempt to secure an additional part-time job from a temporary employment service located in the building. He went into the complainant's office to use her phone when he was unable to locate the employment agency. While in the office, the appellant reached into his pocket to leave some money for the phone call. He dropped a coin on the floor and was in the process of picking up the coin when the complainant entered the office.

In a hearing to revoke probation, the only question on appeal is whether the trial court abused its discretion in revoking the defendant's probation. *Lloyd v. State*, 574 S.W.2d 159 (Tex.Cr.App.1978). The State must prove every element of the offense by a preponderance of the evidence when that offense is the basis for a revocation of probation. *Grant v. State*, 566 S.W.2d 954 (Tex.Cr.App.1978). However, an order of revocation constitutes an abuse of discretion when that revocation is based on only a likelihood or strong suspicion of guilt. *Battle v. State*, 571 S.W.2d 20 (Tex. Cr.App.1978).

To prove theft the State must show that a person unlawfully appropriated property with intent to deprive the owner of the property. Tex.Penal Code Ann. sec. 31.03 (Vernon Supp.1982–1983). To "appropriate" is statutorily defined as "to acquire or otherwise exercise control over property other than real property." *Id.* sec. 31.-01(5)(B). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* sec. 31.03(b)(1). "Deprive" is statutorily defined as "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost by the owner." *Id.* sec. 31.-01(3)(A).

In the instant case, the appellant had crouched on the floor and had lifted the complainant's briefcase about three inches off the floor. He told the complainant that he had dropped something, then slid the briefcase back on the floor. The mere lifting of a briefcase three inches off the floor is insufficient to prove an intent to deprive the complainant of her briefcase. Clearly,

the words spoken by the appellant do not imply guilt. Nor does the act of crouching over and lifting a briefcase three inches off the floor imply evidence of intent to deprive the appellant of her briefcase. At most, the State has shown that the appellant picked up the complainant's briefcase without her consent.

In *Jesko v. State*, 458 S.W.2d 927 (Tex. Cr.App.1970), the court, quoting 5 Branch's Ann. P.C.2d, sec. 2650 stated:

To warrant an inference or presumption of guilt from the circumstance alone of possession, such possession must be personal, must be recent, must be unexplained, and must invoke a distinct and conscious assertion of property by the defendant.

The appellant explained that he lifted the briefcase three inches off the floor so he could recover the coin that had fallen on the floor. The State did not attempt to prove, nor did it prove, that the appellant's explanation was untrue. Nor did the State introduce any evidence refuting appellant's statement that an employment service was located in the building.

The appellant argues that the evidence is insufficient because it fails to show an intent to deprive the complainant of her briefcase and also because it fails to show that he exercised control over the briefcase.

■ Intent to deprive is determined from the words and acts of the accused. *Griffin v. State*, 614 S.W.2d 155 (Tex.Cr.App.1981); *Banks v. State*, 471 S.W.2d 811 (Tex.Cr.App.1971). "Exercise control" is interpreted to mean the intent to deprive the owner of his property without his effective consent. *Jackson v. State*, 571 S.W.2d 1 (Tex.Cr.App.1978).

■ The evidence in this case is insufficient to prove that the appellant intended to deprive the complainant of her property. Evidence of intent to deprive must be more substantial than the lifting of a briefcase. In *Griffin, supra*, the appellant drove a taxicab a few miles away and left it parked on a street while he walked a mile away

from it. In *Mulchahey v. State*, 574 S.W.2d 112 (Tex.Cr.App.1978), the appellant was held to have exercised control over five vehicles when he disposed of them in a manner which made their recovery unlikely. We conclude that the evidence in the instant case was insufficient to prove an intent to deprive the complainant of her briefcase.

The State relies on *Hill v. State*, 633 S.W.2d 520 (Tex.Cr.App.1982) and *Miller v. State*, 661 S.W.2d 173 (Tex.App.—Houston [1st Dist.] 1983, no pet.). In *Hill*, the appellant entered a gun shop. The proprietor saw the appellant preparing to put a handgun inside his shirt. When the proprietor asked the appellant what he was doing, the appellant dropped the handgun, took a pistol out from under his shirt, dropped it also, and ran out saying, "Let's get out of here." The court held that the evidence was sufficient to support a conviction of theft. The circumstances in *Hill* clearly show an intent to deprive the owner of his property. *Hill* is distinguishable because in the instant case the appellant made no attempt to conceal the briefcase, made no attempt to leave the office with it, and furthermore, did nothing more than lift the briefcase three inches off the floor.

In *Miller* the appellant was attending a gun show when a witness saw the appellant place a display gun under her left arm, then walk off with her hands folded. The witness questioned the displayer whether there was a missing gun. When the displayer observed a space in his table display where a gun had been, he answered affirmatively. The witness informed the displayer of what had transpired. There was no search for the missing gun, nor was the weapon recovered. The gun displayer did not have a serial number of the missing gun. At trial, the defense introduced a gun which was identical to the stolen gun. It also introduced a receipt showing that the gun had been purchased by the appellant's boyfriend, a licensed gun dealer, over a month before the theft. The appellant testified that while she and her boyfriend were attending the gun show, her boy-

friend asked her to walk around the gun show and look for a gun similar to the one he had purchased. She further testified that she picked up the missing gun, then put it down. When she realized that there were bullets in her gun and that it was against the rules to have bullets, she walked quickly to her table, for fear of someone finding out that her gun had bullets. This court held that the circumstantial evidence was sufficient to support a finding of guilt. The facts in the instant case are also distinguishable. The appellant in this case never removed the briefcase from the room, nor did he remove any items from it. He did nothing more than lift the briefcase three inches off the floor. We find that the trial court abused its discretion in revoking appellant's probation on a ground not supported by the evidence.

The order revoking probation is reversed and this cause is remanded.