

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00111-CR

**CHIMINH EDVON JOHNSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 82nd District Court
Falls County, Texas
Trial Court No. 9326**

# MEMORANDUM  OPINION

The jury convicted Chiminh Johnson of the offense of theft under $1500, found the enhancement paragraphs to be true, and assessed punishment at 8 years confinement. We affirm.

### Sufficiency of Evidence

In the sole issue on appeal, Johnson argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Elaine Truett testified that she works for Falls County Indigent Health and that her office is located inside of the Falls County Hospital and Clinic. Truett stated that her office is in a hallway between the hospital lab and the clinic and that it is somewhat isolated. She described that upon entering her office from the hallway, her desk is to the right, to the left are chairs for her clients, and behind her desk are filing cabinets. Truett has a copy machine next to her desk, and she testified she keeps her purse between her desk and the copy machine. Her purse is in view of clients sitting in the chairs.

Truett testified that on July 1, 2013, she was in her office alone when Johnson came into her office and sat down. Johnson told Truett he needed a copy of his medication sheet to take to the doctor. Truett got up from her seat and turned her back to Johnson to retrieve the file from her filing cabinet. When she turned back around, Johnson was on the floor down on one knee "stretched in all directions, and very close to the floor." Truett noticed that her purse was missing. She made the copy for Johnson and walked around her desk to see what he was doing. Johnson returned to his chair when Truett went around the desk. Truett saw her purse in the hallway, and she testified that Johnson saw her looking at her purse. Johnson then reached into the hallway and retrieved Truett's purse. He told her, "Someone left this outside the door." Truett took her purse from Johnson and gave him the form. Johnson then left her office.

A person commits the offense of theft if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. 31.03 (a) (West Supp. 2014). Appropriate means "to acquire or otherwise exercise control over property other than real property." TEX. PENAL CODE ANN. 31.01 (4) (B) (West Supp. 2014).

Appropriation of property is unlawful if it is without the owner's effective consent. TEX. PENAL CODE ANN. 31.03 (b) (1) (West Supp. 2014). Deprive means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." TEX. PENAL CODE ANN. 31.01 (2) (A) (West Supp. 2014).

Johnson argues that the facts in his case are similar to those in *Wilson v. State*, 671 S.W.2d 120 (Tex.App.-Houston [1st Dist.] 1984, pet. ref'd). In *Wilson*, the appellant had lifted the complainant's briefcase off the floor. When she entered her office, she asked appellant what he was doing, and he responded that he dropped something. The Court found that:

The mere lifting of a briefcase three inches off the floor is insufficient to prove an intent to deprive the complainant of her briefcase. Clearly, the words spoken by the appellant do not imply guilt. Nor does the act of crouching over and lifting a briefcase three inches off the floor imply evidence of intent to deprive the appellant of her briefcase. At most, the State has shown that the appellant picked up the complainant's briefcase without her consent.

*Wilson v. State*, 671 S.W.2d at 121-122.

We find that the facts of *Wilson* are distinguishable. Unlike the facts in *Wilson*, in the present case, the complainant's purse was moved outside of her office. Truett testified that her purse was by her desk before Johnson entered her office. Johnson was the only other person in Truett's office. Truett saw Johnson on the floor near her purse, and then she saw her purse outside of her office. It is not an element of the offense of theft that Johnson must actually carry away or remove the property. *See Hawkins v. State*, 214 S.W.3d 668, 670 (Tex.App.-Waco 2007, no pet.). The jury could have reasonably found

that Johnson intended to deprive Truett of her purse by removing her purse from her office. We find that the evidence is sufficient to support Johnson's conviction for theft. We overrule the sole issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Scoggins
Affirmed
Opinion delivered and filed August 6, 2015
Do not publish
[CR25]

