**Willie JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–88–00313–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 15, 1990.

Rehearing Denied March 22, 1990.

Discretionary Review Refused
June 27, 1990.

Charles Feeman, Houston, for appellant.

John Holmes, Dist. Atty., Carol M. Cameron and Martha Minnis, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

OPINION

MIRABAL, Justice.

This is an appeal from a revocation of probation.

On February 7, 1986, the trial court found appellant guilty of possession of cocaine, and assessed his punishment at four years confinement, probated, and a fine of $1,500. The terms of appellant's probation required, among other things, that he commit no offense against the laws of the State of Texas or any other state.

On February 25, 1988, the State filed a motion to revoke probation. The motion alleged that appellant had violated the

terms of his probation by: (1) unlawfully, intentionally, and knowingly delivering to C.D. Dyess, an undercover police officer, on February 17, 1988, by actual transfer, constructive transfer, or sale more than one-fourth and less than four ounces of marihuana; (2) failing to pay his probation supervision fee; and (3) failing to pay his fine and court costs. Appellant pled not true to the motion.

After a hearing, the trial court found that the State failed to carry its burden relative to appellant's failure to pay his supervisory fees, or his fine and costs, and dismissed those allegations. However, the trial court also found that appellant had committed the offense of delivery of more than one-fourth and less than four ounces of marihuana, and revoked his probation.

In his sole point of error, appellant contends that the evidence was insufficient as a matter of law to sustain the court's finding of delivery of more than one-fourth and less than four ounces of marihuana.

■ The State has the burden to establish, by a preponderance of the evidence, every element of the offense that is the basis for the revocation of probation. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim.App.1984); *Wilson v. State*, 671 S.W.2d 120, 121 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). The "preponderance of the evidence" standard is met when the greater weight of the credible evidence before the trial court creates a reasonable belief that a condition of probation has been violated. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex.Crim.App.1983). When the State fails to meet its burden, the trial judge abuses his discretion in issuing a revocation order. *Cardona*, 665 S.W.2d at 493–94. Our review of an order revoking probation is limited to determining if the trial court has abused its discretion. *Cardona*, 665 S.W.2d at 493; *Wilson*, 671 S.W.2d at 121. In our review, we must examine the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.

Crim.App. [Panel Op.] 1981). We recognize that the trial judge is the sole trier of facts, and determines the credibility of the witnesses and the weight to be given their testimony. *McFarlin v. State*, 661 S.W.2d 201, 203 (Tex.App.—Houston [1st Dist.] 1983, no pet.).

Section 481.120 of the Texas Health and Safety Code [1] provides that a person commits a Class A misdemeanor if he knowingly or intentionally delivers for remuneration an amount of marihuana that is one-fourth ounce or less. Tex.Health & Safety Code Ann. sec. 481.120(a) and (b)(2) (Vernon Pamph.1990). A felony of the third degree is committed if the amount of marihuana delivered is four ounces or less, but more than one-fourth ounce. Tex.Health & Safety Code Ann. sec. 481.120(b)(3) (Vernon Pamph.1990).

The only testimony at the revocation hearing concerning the amount of marihuana delivered by appellant came from police officer Larry D. Guy during redirect examination. State's exhibit no. 5 contained 18 marihuana cigarettes sold by appellant to Officer Dyess, and State's exhibit no. 6 was a single marihuana cigarette recovered at the scene from where it had been thrown by appellant.

Q. Officer Guy, now once you received the State' [sic] Exhibit No. 5 and 6 what did you do with it before you put it in the envelope?

A. Placed my initials onit [sic] and placed it in the envelope.

Q. Did you weigh it?

A. Yes, ma'am.

Q. And how much did it weigh?

A. I can't recall now the exact weight of it.

Q. Would it be over one quarter of an ounce?

. . . .

A. A quarter, no, ma'am I wouldn't think so.

Q. Seven and a half grams?

A. Yes, ma'am, possibly.

---

1. Formerly Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.05, ch. 425, sec. 13, 1983 Tex.Gen.Laws 2361, 2386–87, *repealed and recodified by*, ch.

678, secs. 1 & 13, 1989 Tex.Gen.Laws 2230, 2938 & 3165. There has been no substantive change in the law.

The State pled, and the trial court found, that appellant delivered more than one-fourth and less than four ounces of marihuana. Appellant argues that the testimony is insufficient as a matter of law to sustain the trial court's finding that he delivered more than one-fourth and less than four ounces of marihuana.

We agree. The only evidence of the amount of marihuana delivered by appellant consisted of the 18 cigarettes in State's exhibit no. 5, and Officer Guy's testimony. The cigarettes were not weighed in court, nor was there any evidence of, or testimony regarding, their weight based on any weighing done at the time of appellant's arrest or later by the police laboratory. In fact, Officer Guy testified that, although he weighed the marihuana cigarettes at the scene, he did not recall their exact weight. Officer Guy then stated he "wouldn't think" the amount of marihuana would be greater than one-fourth ounce. In response to further questioning by the prosecutor, he stated the amount might "possibly" be seven and a half grams, which is approximately 0.26 ounces. We find that this equivocal statement does not constitute evidence that more than one-fourth, but less than four, ounces of marihuana had been delivered. Therefore, the trial court abused its discretion in revoking appellant's probation based on its finding that he delivered more than one-fourth and less than four ounces of marihuana.

The State argues that probation may be revoked upon a finding of any violation of any term of probation alleged or *necessarily included within the allegations* contained in the State's motion to revoke, citing *Caddell v. State*, 605 S.W.2d 275, 277 (Tex.Crim.App. [Panel Op.] 1980). The State maintains that, even if the evidence was insufficient to establish that the amount of marihuana was not greater than one-fourth ounce, there was still sufficient evidence to establish that appellant committed the lesser included offense of delivery of marihuana weighing one-fourth ounce or less. Tex.Code Crim.P.Ann. art. 37.09 (Vernon 1981). Therefore, it is the State's position that the trial court did not abuse its discretion in finding that appellant had violated the conditions of probation.

In order for this Court to uphold a probation revocation based on a lesser included offense, the trial court would have had to base its judgment on a finding of the commission of the lesser included offense. *See Caddell*, 605 S.W.2d at 277; *Pickett v. State*, 542 S.W.2d 868, 870 (Tex. Crim.App.1976); *Franks v. State*, 516 S.W.2d 185, 187 (Tex.Crim.App.1974). In this case, the trial court did not find that appellant committed the lesser included offense of delivery of marihuana weighing one-fourth ounce or less.

We sustain appellant's point of error, reverse the judgment, and remand the cause to the district court.