# NO. 12-07-00250-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLEOTIS XAVIER WOOTEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 394TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Cleotis Xavier Wooten appeals the revocation of his community supervision. In one issue, Appellant argues that the evidence was insufficient to show that he violated the terms of his community supervision. We affirm.

### BACKGROUND

Appellant was found guilty of the felony offense of robbery. The jury assessed punishment at ten years of imprisonment and directed that the sentence be probated and Appellant be placed on community supervision. One of the conditions of Appellant's community supervision was that he participate in a program at the state run Substance Abuse Felony Punishment (SAFP) Facility and abide by the rules and regulations of the program.

Appellant went to the facility, but the State later filed a motion to revoke his community supervision alleging that he had failed to abide by the rules and regulations of the program. A hearing was held, at which Appellant pleaded not true to the allegation. The trial court found that Appellant had violated the rules of the treatment program and ordered the previously suspended sentence to be served. This appeal followed.

### REVOCATION OF COMMUNITY SUPERVISION

In a single issue, Appellant argues that the trial court's decision to revoke his community supervision was not supported by factually sufficient evidence.

## Standard of Review

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The general standards for reviewing the factual sufficiency of the evidence do not apply to appeals from the revocation of community supervision. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.–Texarkana 2003, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 27 (Tex. App.–Tyler 2002, no pet.). Instead, we review the decision to revoke community supervision in the light most favorable to the judgment, giving deference to the trial court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the evidence presented. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.–Houston [1st Dist.] 1990, pet. ref'd). A trial court does not abuse its discretion if the greater weight of credible evidence creates a reasonable belief that a defendant violated a condition of his or her community supervision. *Rickels*, 202 S.W.3d at 764–63 (citing *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

## Analysis

Appellant argues that he did not violate his community supervision because he successfully completed the SAFP program. His argument turns on the character of his discharge from the program. As we will explain, this is not relevant to the decision the trial court actually made.

According to the testimony, the SAFP program has three levels of discharge: successful completion, minimal completion, and behavioral discharge. Appellant's discharge was a "minimal completion" discharge. The State's witness said that this was an unsuccessful discharge and that it essentially meant that Appellant had reached the end of the program but had not successfully completed it. Appellant did not dispute this, acknowledging at the hearing that he had not successfully completed the program.

The State alleged in its motion to revoke, and the trial court found, that Appellant had "failed to abide by all the rules and regulations of the [SAFP facility]." The State did not allege, and the

2

trial court did not find, that Appellant had not successfully completed the program.[1] And there was ample evidence that Appellant had failed to abide by the rules of the program. He was repeatedly disciplined for not following the rules of the program. Furthermore, Appellant testified that he started having problems after he signed a proposed discharge summary and that he knew what he did, threatening other participants and using inappropriate language, was wrong.

Because it was a term of his community supervision that Appellant follow the rules of the SAFP program, and because there was ample evidence that he did not follow those rules, the trial court did not abuse its discretion when it revoked his community supervision. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered June 25, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] Successful completion of the program was not an express requirement of Appellant's community supervision. The relevant requirement is as follows:

> The Defendant is required to serve a term of confinement and treatment in a Substance Abuse Treatment Facility under section 493.009(b) abiding by all rules and regulations of said facility for a term of not less than 90 days or more than twelve (12) months and upon successful completion of the program, the defendant is required to participate in a drug or alcohol abuse continuum of care treatment place, abiding by all rules and regulations of said treatment plan until discharged by the state from the continuum of care program.