NO. 12-07-00250-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CLEOTIS XAVIER WOOTEN,
§
 APPEAL FROM THE 394TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOUSTON COUNTY, TEXAS






MEMORANDUM OPINION


 Cleotis Xavier Wooten appeals the revocation of his community supervision. In one issue,
Appellant argues that the evidence was insufficient to show that he violated the terms of his
community supervision. We affirm.


Background

 Appellant was found guilty of the felony offense of robbery. The jury assessed punishment
at ten years of imprisonment and directed that the sentence be probated and Appellant be placed on
community supervision. One of the conditions of Appellant's community supervision was that he
participate in a program at the state run Substance Abuse Felony Punishment (SAFP) Facility and
abide by the rules and regulations of the program. 

 Appellant went to the facility, but the State later filed a motion to revoke his community
supervision alleging that he had failed to abide by the rules and regulations of the program. A
hearing was held, at which Appellant pleaded not true to the allegation. The trial court found that
Appellant had violated the rules of the treatment program and ordered the previously suspended
sentence to be served. This appeal followed. 


Revocation of Community Supervision

 In a single issue, Appellant argues that the trial court's decision to revoke his community
supervision was not supported by factually sufficient evidence.

Standard of Review

 We review a trial court's decision to revoke community supervision for an abuse of
discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The general standards for reviewing the
factual sufficiency of the evidence do not apply to appeals from the revocation of community
supervision. Pierce v. State, 113 S.W.3d 431, 436 (Tex. App.-Texarkana 2003, pet. ref'd); Cochran
v. State, 78 S.W.3d 20, 27 (Tex. App.-Tyler 2002, no pet.). Instead, we review the decision to
revoke community supervision in the light most favorable to the judgment, giving deference to the
trial court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the
evidence presented. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Jones v. State,
787 S.W.2d 96, 97 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd). A trial court does not abuse its
discretion if the greater weight of credible evidence creates a reasonable belief that a defendant
violated a condition of his or her community supervision. Rickels, 202 S.W.3d at 764-63 (citing
Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

Analysis

 Appellant argues that he did not violate his community supervision because he successfully
completed the SAFP program. His argument turns on the character of his discharge from the
program. As we will explain, this is not relevant to the decision the trial court actually made. 

 According to the testimony, the SAFP program has three levels of discharge: successful
completion, minimal completion, and behavioral discharge. Appellant's discharge was a "minimal
completion" discharge. The State's witness said that this was an unsuccessful discharge and that it
essentially meant that Appellant had reached the end of the program but had not successfully
completed it. Appellant did not dispute this, acknowledging at the hearing that he had not
successfully completed the program. 

 The State alleged in its motion to revoke, and the trial court found, that Appellant had "failed
to abide by all the rules and regulations of the [SAFP facility]." The State did not allege, and the
trial court did not find, that Appellant had not successfully completed the program. (1) And there was
ample evidence that Appellant had failed to abide by the rules of the program. He was repeatedly
disciplined for not following the rules of the program. Furthermore, Appellant testified that he
started having problems after he signed a proposed discharge summary and that he knew what he
did, threatening other participants and using inappropriate language, was wrong. 

 Because it was a term of his community supervision that Appellant follow the rules of the
SAFP program, and because there was ample evidence that he did not follow those rules, the trial
court did not abuse its discretion when it revoked his community supervision. We overrule
Appellant's sole issue.


Disposition

 Having overruled Appellant's sole issue, we affirm the judgment of the trial court.



 SAM GRIFFITH 

 Justice



Opinion delivered June 25, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.







(DO NOT PUBLISH)
1. Successful completion of the program was not an express requirement of Appellant's community
supervision. The relevant requirement is as follows: 


 The Defendant is required to serve a term of confinement and treatment in a Substance
Abuse Treatment Facility under section 493.009(b) abiding by all rules and regulations of
said facility for a term of not less than 90 days or more than twelve (12) months and upon
successful completion of the program, the defendant is required to participate in a drug or
alcohol abuse continuum of care treatment place, abiding by all rules and regulations of said
treatment plan until discharged by the state from the continuum of care program.