Opinion issued April 8, 2010 



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-09-00442-CR
__________
 
BARRY ANTHONY JOHNSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 48375
 

 
 
MEMORANDUM OPINION
          Appellant, Barry Anthony Johnson, pleaded guilty to the offense of aggravated
robbery,


 and the trial court deferred adjudication of his guilt and placed him on
community supervision for five years. The State subsequently moved to adjudicate
appellant’s guilt, alleging that he had violated the terms and conditions of his
community supervision by, among other things, committing the offense of unlawful
carrying of a weapon


 and failing to pay his monthly community supervision fees. 
Appellant pleaded true to the allegation of failing to pay his community supervision
fees and not true to the other allegations. After a hearing on the State’s motion, the
trial court found true the State’s allegation that appellant had committed the offense
of unlawful carrying of a weapon, and it accepted appellant’s plea of true to failing
to pay community supervision fees. The trial court granted the State’s motion, found
appellant guilty of the underlying offense of aggravated robbery, and assessed his
punishment at confinement for eighteen years.
          In his sole point of error, appellant contends that the trial court erred in
revoking his community supervision. 
          We affirm. BackgroundAt the hearing, La Marque Police Officer K. Cagnon testified that he was
dispatched to a car collision, and he found appellant, the lone occupant of the car,
sitting in the driver’s seat in a ditch at the dead end of a street. Appellant was
incoherent, the door and window of the car were shut, and it appeared that the
collision had “just occurred.” In his police report, Cagnon noted that he had arrived
on the scene within six minutes after receiving the dispatch call. After approximately
thirty seconds of beating on the car window and shouting, Cagnon was able to get
appellant to open the car door. Appellant did not know that Cagnon and others had
been standing outside of his car. He had thick, slurred speech, poor balance, and
“could hardly stand up.” Appellant did not appear to understand any instructions
given to him by Cagnon about field sobriety tests, and Cagnon believed that appellant
was intoxicated due to the influence of a controlled substance. Also, Cagnon noted
that another officer found a gun on the floorboard of appellant’s car.
          On cross-examination, Cagnon conceded that he had not seen appellant
operating the car, he did not know when the collision occurred, and he did not know
if anyone else had driven the car. In his police report, Cagnon noted that the
handgun, which was loaded, “appeared to have slid from underneath the seat,”
although he did not know where it was located prior to the collision.    
Standard of Review
          Appellate review of an order adjudicating guilt is limited to determining
whether the trial court abused its discretion. Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2009) (“This determination [to adjudicate guilt] is reviewable
in the same manner as a revocation hearing conducted under Section 21 of this article
in a case in which an adjudication of guilt had not been deferred.”); Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (“Appellate review of an order revoking
probation is limited to abuse of the trial court’s discretion.”). The trial court’s
decision should be supported by a preponderance of the evidence. Rickels, 202
S.W.3d at 763. The evidence meets this standard when the greater weight of the
credible evidence creates a reasonable belief that a defendant has violated a condition
of his community supervision. Id. at 764 (quoting Scamardo v. State, 517 S.W.2d
293, 298 (Tex. Crim. App. 1974)).
          We must examine the evidence in the light most favorable to the trial court’s
order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). As the sole
trier of fact, a trial court determines the credibility of witnesses. See id.; Jones v.
State, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d). To
support the trial court’s order to adjudicate guilt, the State need only establish one
sufficient ground for revocation. See Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980) (stating that one sufficient ground for revocation is enough to
support trial court’s decision); Joseph v. State, 3 S.W.3d 627, 640 (Tex.
App.—Houston [14th Dist.] 1999, no pet.).
Adjudication of Guilt
          In his sole point of error, appellant argues that the trial court erred in revoking
his probation on the ground that he had committed the offense of unlawful carrying
of a weapon because Officer Cagnon’s testimony was “clearly insufficient” and the
“State presented no evidence linking [the] firearm to appellant.” In regard to the trial
court’s finding that appellant had failed to pay his community supervision fees,
appellant asserts that the “State did not meet its burden to prove his failure to pay was
intentional.” Appellant also asserts, for the first time on appeal, “the affirmative
defense of inability to pay.”
          At the beginning of the hearing on the State’s motion to adjudicate guilt,
appellant pleaded true to the State’s allegation that he had violated the terms and
conditions of his community supervision by failing to pay his community supervision
fees. In response to the trial court’s questioning, appellant confirmed that he was
entering this plea of true freely and voluntarily and “because it [was] true and for no
other reason.” Appellant also confirmed that no one had threatened him or made to
him any promises in exchange for his plea of true. 
          A plea of true to any alleged violation of the terms of community supervision,
standing alone, supports revocation of community supervision. See Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); Jones v. State, 112 S.W.3d
266, 268 (Tex. App.—Corpus Christi 2003, no pet.). Moreover, when a defendant
enters a plea of true to the alleged violation of a term of community supervision, and
the trial court makes a finding of true based upon that plea, the defendant may not
challenge the sufficiency of the evidence to support the trial court’s revocation of
community supervision. See Cole, 578 S.W.2d at 128. Thus, appellant’s plea of true
to the State’s allegation that he had failed to pay community supervision fees,
standing alone, is sufficient to support the trial court’s judgment adjudicating him
guilty of the underlying aggravated robbery offense. See Watts v. State, 645 S.W.2d
461, 463 (Tex. Crim. App. 1983); Moore v. State, 605 S.W.2d at 926; Moses v. State,
590 S.W.2d 469, 470 (Tex. Crim. App. 1979).  
          Accordingly, we hold that the trial court did not abuse its discretion in revoking
appellant’s community supervision. Having so held, we need not address appellant’s
challenge to the sufficiency of the evidence supporting the trial court’s finding of true
to the State’s allegation that he also had committed the offense of unlawful carrying
of a weapon.
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).