

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-09-00198-CR

_____


ERIC JUSTIN DOBBS, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 22495



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Less than a year after Eric Justin Dobbs had pled guilty and had been placed on community supervision[1] for theft of copper wire cable worth less than $20,000.00, the State moved to revoke Dobbs' community supervision, alleging thirteen violations, including drinking alcohol. Dobbs pled "not true" to all allegations.

From the trial court's revocation order—which revoked Dobbs' community supervision and ordered Dobbs confined in the Texas Department of Criminal Justice, State Jail Division, for two years—Dobbs appeals, raising seven points of error, but structuring his argument to focus on each alleged violation serially rather than to fit the appropriate arguments under each point of error. Dobbs argues that the evidence is legally and factually insufficient to establish various violations of his community supervision, that he was unable to comply with some of the conditions of his community supervision, that some of his conditions were so vague and indefinite as to be unenforceable, that there was lack of proof that Dobbs was able to pay the court-ordered fees and

---

[1]The relevant terms of Dobbs' community supervision required him to do a number of things:

    (1)     report in person to his community supervision officer every month and submit a monthly report form,
    (2)     avoid using any controlled substance or dangerous drug or alcoholic beverage,
    (3)     complete 300 hours of community service at a rate of no less than ten hours per month,
    (4)     pay $60.00 per month in community supervision fees,
    (5)     pay court costs of $246.00 at a rate of $8.00 per month until paid,
    (6)     pay attorney's fees of $350.00 at a rate of $10.00 per month until paid,
    (7)     pay fines in the amount of $500.00 at a rate of $15.00 per month until paid,
    (8)     pay restitution in the amount of $950.00 at a rate of $30.00 per month until paid,
    (9)     pay the crime stoppers fee of $50.00 by August of 2008,
    (10)   attend a personal development seminar, and
    (11)   attend the Freedom of Choice Program.

costs, and that he was denied his constitutional right to liberty because of his poverty in that his community supervision was revoked when he failed to make the ordered payments.

We affirm the trial court's judgment because, at a minimum, (1) Dobbs' use of alcoholic beverages was established, (2) the conditions of community supervision did not condition revocation on proof that the alcoholic beverages Dobbs consumed were *dangerous*, and (3) the alcohol prohibition's alleged vagueness is not cognizable on this appeal. We need not reach the other arguments, because they are irrelevant in light of our holdings with regard to the alcoholic-beverage violation.

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a community supervision revocation hearing, although the decision whether to revoke rests within the discretion of the trial court, its discretion is not absolute. *Wester v. State*, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976); *Scamardo v. State*, 517 S.W.2d 293, 297 (Tex. Crim. App. 1974). The trial court is not authorized to revoke community supervision without a showing, by a preponderance of the evidence, that the defendant has violated a condition of the community supervision imposed by the court. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987); *Cardona*, 665 S.W.2d at 493.

*(1)     Dobbs' Use of Alcoholic Beverages Was Established*

Dobbs contends that the evidence supporting the revocation of his community supervision is legally and factually insufficient as to the alcohol violation.   We disagree.

In determining questions regarding sufficiency of the evidence in community supervision revocation cases, the State must prove, by a preponderance of the evidence, that the defendant violated a term of his or her community supervision.   *Rickels*, 202 S.W.3d at 763.   A preponderance of the evidence exists when the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his or her community supervision. *Id.* at 763–64; *Scamardo*, 517 S.W.2d at 298.

In a community supervision revocation hearing, the trial court is the sole trier of fact. *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd).   The trial court also determines the credibility of the witnesses and the weight to be given their testimony. *Id.*   It may accept or reject any or all of the witnesses' testimony.   *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).   Therefore, we will examine the evidence in the light most favorable to the trial court's order revoking community supervision.   *See Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).   Any other type of review would effectively undermine the trial court's discretion.

When the State's proof of any one of the alleged violations of community supervision is sufficient to support a revocation of community supervision, the revocation should be affirmed.

4

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21 (Vernon Supp. 2009) (State must prove every element of at least one ground for revocation by preponderance of evidence); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd). Therefore, we need to find only one instance in which the State proved by a preponderance of the evidence that the terms of community supervision were violated. Since we must find only one sufficiently proven violation, we will discuss only one.

Here, the State alleged, among many other things, that Dobbs violated a term of his community supervision by consuming alcohol. Under the terms of his community supervision, Dobbs was to "avoid the use of any controlled substance or dangerous drug or alcoholic beverage." Michelle Vaughn, a community supervision officer for Lamar County, testified that Dobbs admitted to drinking "one or two beers on a daily basis." When asked whether Dobbs drinks beer, Deanna Dobbs, Dobbs' wife, first answered "no, sir," but then admitted that "he has."

In a hearing to revoke community supervision, the trial court, as the fact-finder, is the exclusive judge of the witnesses' credibility and the testimony's weight. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). Therefore, the trial court was free to accept the testimony of Vaughn and reject that of Deanna Dobbs. *See id*. Thus, the trial court reasonably could have found by a preponderance of the evidence that Dobbs consumed an alcoholic beverage and thereby violated condition thirteen of his community supervision as alleged in the State's motion to revoke. Thus, the trial court did not abuse its discretion in

5

revoking Dobbs' community supervision.

*(2)* *The Conditions of Community Supervision Did Not Condition Revocation on Proof that the Alcoholic Beverages Dobbs Consumed Were* Dangerous

In a single sentence in his brief, Dobbs suggests that the conditions of his community supervision may prohibit consumption, not of *any* alcoholic beverage, but only a *dangerous* alcoholic beverage. We disagree.

Condition thirteen of Dobbs' community supervision required Dobbs to "avoid the use of any controlled substance or dangerous drug or alcoholic beverage." While the language could have been clearer, we find nothing in the language suggesting that the prohibition as to alcoholic beverages covers only those that are dangerous. In the applicable phrase, there are three nouns, each separately modified by a single adjective. Dobbs must have avoided use of any *controlled* substance, not any substances at all; any *dangerous* drugs, not any drugs at all; and any *alcoholic* beverages, not any beverages at all. If one argues that the adjective "dangerous" was also intended to modify, not only "drugs," but also "beverages," one could also equally suggest that the earlier adjective "controlled" would apply, not only to "substances," but also to both "drugs" and "beverages." Thus, if the phrase is to be read to prohibit "the use of any controlled substance or dangerous drug or *dangerous* alcoholic beverage," there is no reason not to follow that logic out further and suggest that it really prohibits "the use of any controlled substance or controlled dangerous drug or controlled dangerous alcoholic beverage." We reject that notion, in favor of

6

reading the phrase in the form presented, that is, to prohibit use of three things, controlled substances, dangerous drugs, or alcoholic beverages.

*(3) The Alcohol Prohibition's Alleged Vagueness Is Not Cognizable on this Appeal*

In response to the State's allegation that Dobbs violated his community supervision by drinking alcohol, Dobbs argues that the prohibition from drinking alcohol is "so vague and indefinite as not to inform [Dobbs] of what he was to do, so as to be unenforceable." This challenge should have been raised by a timely appeal after Dobbs was placed on community supervision, not after his community supervision was revoked. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp. 2009); *In re V.A.*, 140 S.W.3d 858, 860 (Tex. App.—Fort Worth 2004, no pet.); *Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.). Because Dobbs' argument on that point was not timely appealed, we lack jurisdiction to address it now.

We affirm the trial court's revocation of Dobbs' community supervision.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 13, 2010
Date Decided:       April 14, 2010

Do Not Publish

7