**Opinion issued July 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00592-CR

———————————

**BRENTON ALLEN HOPE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas[1]**
**Trial Court Case No. 12-14208**

---

## MEMORANDUM OPINION

After appellant, Brenton Allen Hope, pleaded guilty to the offense of

delivery of a controlled substance[2] with an agreed punishment recommendation

---

[1]     The Supreme Court of Texas, pursuant to its docket equalization authority, transferred the appeal to this court. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer).

from the State, the trial court deferred adjudication of his guilt and placed him on community supervision for two years. The State subsequently moved to adjudicate appellant's guilt, alleging three violations of the conditions of his community supervision. After a hearing, the trial court found two of the allegations true, found appellant guilty, and assessed his punishment at confinement for two years. In his sole issue, appellant contends that the trial court erred in admitting evidence during the revocation hearing.

We affirm.

## Background

On November 5, 2012, the trial court placed appellant on community supervision subject to certain conditions, including that he commit no new offenses, abstain from using or possessing "any drug," and pay fines and fees as assessed. In its motion to adjudicate appellant's guilt, the State alleged that he committed the offense of possession of a controlled substance, tested positive for "metabolic by-products of cocaine," and failed to pay $480 in court-assessed fees. Appellant pleaded "not true" to the allegations.

At a hearing on the State's motion, Jefferson County Adult Probation ("JCAP") Officer J. Kirkpatrick testified that appellant had tested positive for the use of a controlled substance and failed to pay anything toward his court-assessed

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(8), 481.115(b) (Vernon 2010).

fine and fees. JCAP Urinalysis Technician B. Strother testified that on February 28, 2013, appellant tested "positive for cocaine." And appellant's laboratory results, which were admitted into evidence, reflect a positive result for cocaine use.

Beaumont Police Department Officer T. Armstrong testified that on March 17, 2013, he was dispatched to the parking lot of an apartment complex to investigate a report that three men were selling narcotics from a black Buick LeSabre automobile. Upon his arrival, he saw appellant getting out of the driver's seat of the Buick, and he smelled marijuana coming from the Buick and on appellant's breath. After appellant consented to a search of his person, Armstrong found a large amount of cash in appellant's pocket; he also saw a marijuana cigarette laying in plain view on the car's console. After additional officers arrived, Armstrong and the officers searched the Buick and found a bottle containing what they believed to be phencyclidine, or "PCP," located on the driver's seat. And Jefferson County Narcotics Services Forensic Chemist R. Sweetenham testified that the bottle contained phencyclidine weighing 8.17 grams.

Appellant testified that when Officer Armstrong arrived, he was just getting a cigarette out of the Buick, which belonged to someone else. He asserted that the money in his pocket was from his income tax refund and the phencyclidine belonged to his sister's friend. Appellant further asserted that the February 2013

positive drug test result was inaccurate because he had "just come from the jailhouse" and had not used cocaine.

At the close of the hearing, the trial court found true the State's allegations that appellant had committed a new offense and had tested positive for the use of a controlled substance. It further found appellant guilty and assessed his punishment at confinement for two years.

## Standard of Review

Appellate review of an order adjudicating guilt is limited to determining whether the trial court abused its discretion. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2013) ("The determination [to adjudicate guilt] is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred."); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) ("Appellate review of an order revoking probation is limited to abuse of the trial court's discretion."). The trial court's decision must be supported by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763. The evidence meets this standard when the greater weight of the credible evidence creates a reasonable belief that a defendant has violated a condition of his community supervision. *Id*. at 764.

We examine the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). As the sole

4

trier of fact, a trial court determines the credibility of witnesses. *See id.*; *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd).

When a trial court finds several violations of community-supervision conditions, we will affirm if the proof of any single allegation is sufficient. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Thus, to prevail on appeal, a defendant must successfully challenge all of the findings that support the trial court's revocation order. *See Garcia*, 387 S.W.3d at 26; *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

## Adjudication of Guilt

In his sole issue, appellant argues that the trial court erred in adjudicating his guilt because it erroneously admitted into evidence State's exhibit number two, the phencyclidine, "in violation of [his] constitutional rights against unreasonable search and seizure." Appellant asserts that the "basis of the officer's detention of [him], and the subsequent search of the vehicle, were based upon [his] nervousness," which "falls short of a constitutionally permissible detention" and did not support the "subsequent search of the vehicle and discovery of narcotics."

As noted above, however, the State need only establish one sufficient ground for revocation to support the trial court's order to adjudicate guilt. *See Garcia*, 387 S.W.3d at 26. The record shows that, in addition to ordering that appellant commit

5

no new offense, the trial court ordered that appellant abstain from using or possessing "any drug." At the hearing on the State's motion, Officer Kirkpatrick testified that appellant tested positive for use of a controlled substance, and Strother specifically testified that on February 28, 2013, appellant tested "positive for cocaine." The trial court admitted into evidence appellant's laboratory results, which reflect a positive result for cocaine use on that date. Evidence of a positive narcotics test is sufficient to establish that appellant failed to abstain from the use of a controlled substance as required by the trial court's order. *See Stevens v. State*, 900 S.W.2d 348, 352 (Tex. App.—Texarkana 1995, pet. ref'd).

The trial court could have reasonably found, by a preponderance of the evidence, that appellant violated a term or condition of his community supervision by using a controlled substance. Thus, we need not address appellant's challenge to the evidence supporting the trial court's finding of true to the State's allegation that he had also committed the offense of possession of a controlled substance. *See Garcia*, 387 S.W.3d at 26. Accordingly, we further hold that the trial court did not err in adjudicating appellant's guilt.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).