

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00015-CR

_____

THOMAS GLEN BAYES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 31417

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

While serving a period of deferred adjudication community supervision on the offense of obstruction or retaliation[1] for having threatened to harm Greenville, Texas, Police Officer Jackie Wayne Maloy, Thomas Glenn Bayes was accused of violating terms of that community supervision in five different ways. Bayes' guilt was adjudicated on the underlying charge, and he was sentenced to ten years' confinement.

On appeal, Bayes challenges the sufficiency of the evidence supporting the trial court's findings that he failed to submit to a required urinalysis on or about December 6, 2017, committed the offense of terroristic threat toward community-supervision personnel on or about December 5, 2017, failed to write an ordered letter of apology to the victim of his retaliation, used alcohol on or about December 5, 2017, and failed to perform community service restitution as ordered, for the months of September, October, and November 2017. Because the evidence is sufficient to support at least one—in fact, all—of the five findings, we affirm the judgment of the trial court.

We review an order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). The State's burden of proof to revoke community supervision is by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763; *Pierce*, 113 S.W.3d at 436. The revocation order is "supported by a preponderance of the evidence" if the "greater weight of the credible evidence . . . would create a reasonable belief that the defendant has violated a condition of his [or her] probation." *Rickels*, 202 S.W.3d at 763–64 (quoting

---

[1]*See* TEX. PENAL CODE ANN. § 36.06(a), (c) (West 2016).

2

*Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). Assessing the witnesses' credibility and the weight to be given their testimony is the role of the trial court. *In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.) (citing *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd)).

We examine the evidence in the light most favorable to the trial court's judgment. *Id*. (citing *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983)). We will uphold the revocation if the State has proven at least one of the alleged violations. *Id*. (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)). Here, we conclude that the State proved each of the five violations.

Cynthia Ware, with the Hunt County Community Supervision and Corrections Department, testified in the adjudication proceeding. Ware testified that the letter of apology Bayes was ordered to write to Officer Maloy never materialized,[2] though Bayes had been told to do so and was reminded twice. She also testified that Bayes completed none of the community service hours that he was ordered to have performed. To her knowledge and the records she had, Bayes never reported as required. Ware also testified that, on December 5, 2017, she received reports that Bayes had been drinking and was making threats to "dust the [Hunt County community supervision] office." The Hunt County community supervision office contacted Bayes December 5 and directed him to report for a urinalysis, but he failed to report December 5 or 6, as requested. A report to Bayes' community supervision officer from the Police Department of

<hr />

[2]Ware actually testified that Bayes was to give the letter he was to have written to the community supervision department for delivery to Maloy, but that it was never delivered.

3

Onalaska, Texas, the community in Polk County in which Bayes lived, in connection with the report that Bayes had been drinking, indicated that, on December 5 or 6, 2017, Bayes was "extremely intoxicated." His threat to "dust" the Hunt County community supervision office was actually reported as Bayes' statement "that he was going to report and dust [his community supervision officer] and the entire office" in Hunt County.

Jenny Tillery testified that she received numerous telephone calls from Bayes over a three- or four-day period around December 5, 2017, during which he seemed to her to be inebriated and made threats to Tillery and her husband, Spencer Williams, to hurt or kill them. Mr. Williams also testified to Bayes' threats and intoxication.

The trier of fact, in this case the trial court, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The fact-finder may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Based on the foregoing, we find that sufficient evidence existed to support, by a preponderance of the evidence, the trial court's findings on each of the five grounds alleged by the State for Bayes' adjudication of guilt.

Because the evidence supported the trial court's finding that the violations occurred, the court had sufficient grounds on which to adjudicate Bayes' guilt and revoke his community supervision. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). The trial court did not abuse its discretion when it adjudicated Bayes' guilt, revoked his deferred adjudication community supervision, and sentenced him to ten years' confinement.

4

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 2, 2018
Date Decided:      July 3, 2018

Do Not Publish