Opinion issued December 17, 2020



In The

# Court of Appeals

For The

## First District of Texas

————————————

## NO. 01-19-00916-CR

————————————

**TREVON RANDLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1588177**

---

## MEMORANDUM OPINION

After appellant, Trevon Randle, with an agreed punishment recommendation

from the State, pleaded guilty to the felony offense of possession of a controlled

substance, namely, tetrahydrocannabinol ("THC"),[1] weighing less than one gram,[2] the trial court deferred adjudication of his guilt and placed him on community supervision for three years. The State, alleging a violation of a condition of appellant's community supervision, subsequently moved to adjudicate his guilt. After a hearing, the trial court found the allegation true, found appellant guilty, and assessed his punishment at confinement for six months. In two issues, appellant contends that the evidence is insufficient to support a finding that he violated a condition of his community supervision and the trial court's judgment should be modified.

We reverse and remand.

## Background

On August 9, 2018, appellant pleaded guilty to the felony offense of possession of a controlled substance, namely THC, weighing less than one gram. The trial court deferred adjudication of his guilt and placed appellant on community supervision, subject to certain conditions, including:

> [Do] [n]ot use, possess, or consume any illegal drug or prescription drug not currently prescribed to you by a medical professional.

---

[1] THC is an active ingredient in marijuana. *See Harper v. State*, 508 S.W.3d 461, 466 n.7 (Tex. App.—Fort Worth 2015, pet. ref'd).

[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.103, 481.116(a), (b).

2

On April 19, 2019, the State moved to adjudicate appellant's guilt, alleging that he had violated a condition of his community supervision by "using, possessing, or consuming an illegal drug, to-wit: [appellant] did use, possess, or consume[] an illegal drug, specifically [appellant] tested positive and confirmed on the following dates for drugs specified: 9/11/2018: THC."[3]

At the hearing on the State's motion to adjudicate guilt, appellant pleaded "[n]ot true" to the allegation in the State's motion.

Harris County Community Supervision Officer G. Longoria testified that she supervised appellant while he was on community supervision, which included monitoring appellant to determine if he violated any conditions of his community supervision. Appellant was placed on community supervision on August 9, 2018. On September 11, 2018, appellant tested positive for narcotics use, specifically marijuana use. This occurred in his second month on community supervision. Longoria stated that a positive narcotics-use testing result could indicate that appellant was still using marijuana while on community supervision.

When asked if appellant, when tested in September 2018, "could still have [had] drugs in his system" from narcotics use that happened before he was placed

---

[3]     The State also alleged that appellant violated another condition of his community supervision by "[c]omitting an offense against the State of Texas, to-wit: on or about 2/27/2019, in Harris County, State of Texas, [appellant], . . . did then and there unlawfully commit the criminal offense of AGG Robbery Deadly WPN." At the hearing on the State's motion to adjudicate guilt, the State abandoned this allegation.

on community supervision, Longoria stated that it was "possible." Longoria noted that appellant received his positive result for narcotics use thirty-three days after he was placed on community supervision. And when appellant was tested again on December 13, 2018, he tested negative for narcotics use.

Steve Harris, former director of One Source Toxicology, testified that his laboratory tested appellant's provided urine sample for the presence of narcotics. The testing result showed the presence of THC—an active ingredient in marijuana—in appellant's sample, meaning that appellant tested positive for marijuana use. Harris was then asked, "[H]ow likely is it that this [positive test] would have been a result of [appellant] still having . . . THC in his system from having smoked [marijuana]" before being placed on community supervision? According to Harris, whether that was the case "would depend on the type of user [appellant] was before he got put on [community supervision]. If he was a heavy user, there's a good possibility that [the THC] stay[ed] in [his] system that long." Harris explained:

> I've seen users go as much as 40 to 45 days that were heavy users, individuals [that] we knew because they were under lock and key and video surveillance that weren't using. So it's possible; it's not likely. Most users are clean -- even heavy users are clean between three to four weeks but it is possible.

Harris stated that it was "not likely but possible" that the positive narcotics-use testing result, which occurred thirty-three days after appellant was placed on

4

community supervision, was the result of marijuana use that occurred before appellant's community supervision began.

The trial court admitted into evidence the laboratory report from One Source Toxicology stating that appellant had tested positive for THC on September 11, 2018.

## Standard of Review

Appellate review of an order adjudicating guilt is limited to determining whether the trial court abused its discretion. TEX. CODE CRIM. PROC. ANN. art. 42A.108; *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court's decision must be supported by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763–64. The evidence meets this standard when the greater weight of the credible evidence creates a reasonable belief that a defendant has violated a condition of his community supervision. *Id.* We will conclude that the trial court did not abuse its discretion if the record shows proof by a preponderance of the evidence of any of the alleged violations of the conditions of community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

We examine the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). As the

sole trier of fact, a trial court determines the credibility of witnesses and the weight to be given to their testimony. *See Garrett*, 619 S.W.2d at 174; *Jones*, 787 S.W.2d at 97.

## Adjudication of Guilt

In his first issue, appellant argues that the trial court erred in adjudicating his guilt because the evidence is insufficient to support a finding that he violated a condition of his community supervision.

Proof of a single violation is sufficient to support revocation of community supervision. *Moore*, 605 S.W.2d at 926; *Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.). It is the State's burden to establish by a preponderance of evidence that the defendant violated a condition of his community supervision. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Rickels*, 202 S.W.3d at 763–64.

The State moved to adjudicate appellant's guilt, alleging that appellant "use[d], possess[ed], or consumed an illegal drug," THC, on September 11, 2018.

Appellant argues that the evidence is insufficient to support a finding that he violated the condition of his community supervision that prohibited him from "us[ing], possess[ing], or consuming any illegal drug" because Officer Longoria testified that at the time of the September 11, 2018 narcotics-use testing appellant "could still have [had] drugs in his system" from narcotics use that happened before

6

he was placed on community supervision and Harris testified that if appellant was a "heavy [marijuana] user," there was a "good possibility" that he still had THC in his system from having smoked marijuana before being placed on community supervision.

Here, the One Source Toxicology narcotics-use testing result admitted into evidence states that appellant tested positive for THC on September 11, 2018. However, both of the State's witnesses—Officer Longoria and Harris, the former director of One Source Toxicology—testified that the positive narcotics-use testing result showing THC in appellant's system could have been due to appellant using marijuana before he was placed on community supervision, only thirty-three days before his first narcotics-use test. Based on the foregoing, we cannot say that the greater weight of the credible evidence creates a reasonable belief that appellant used, possessed, or consumed an illegal drug, namely THC, on September 11, 2018 in violation of a condition of his community supervision. *See Bell v. State*, 554 S.W.3d 742, 746 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd).

The State directs this Court to *Foster v. State*, No. 10-07-00358-CR, 2010 WL 311429 (Tex. App.—Waco Jan. 27, 2010, no pet.) (mem. op., not designated for publication) to support its position that the evidence it presented at the hearing on its motion to adjudicate guilt supported the trial court's finding that appellant violated a condition of his community supervision. We do not find *Foster* to be persuasive.

7

In *Foster*, the defendant pleaded guilty to the felony offense of possession of a controlled substance—cocaine—and the trial court assessed his punishment at confinement for ten years and a $500 fine. 2010 WL 311429, at *1. The trial court then suspended the defendant's sentence and placed him on community supervision, subject to certain conditions. *Id.* The State later moved to revoke the defendant's community supervision alleging that he had, among other things, "consumed marijuana." *Id.* At the hearing on the State's motion, the community supervision officer testified that the defendant tested positive for marijuana use but the defendant had claimed to the officer that he had used marijuana before being placed on community supervision. *Id.* In holding that the evidence was sufficient to support the trial court's finding that the defendant had "consumed marijuana" in violation of a condition of his community supervision, the Waco Court of Appeals stated that the trial court could have not given weight to the testimony that the defendant had claimed that his positive narcotics-use testing result was because he had used marijuana before being placed on community supervision. *Id.* at *2.

This case differs from *Foster*. Here, Officer Longoria testified not that appellant claimed that his positive narcotics-use testing result came from pre-community-supervision marijuana use, but that she believed that it was "possible" for the September 11, 2018 positive testing result to be due to appellant still having "drugs in his system" from narcotics use occurring before he was placed

on community supervision. Harris similarly explained, when asked how likely it was that appellant still had THC in his system from having engaged in marijuana use before being placed on community supervision:

> If he was a heavy user, *there's a good possibility* that [the THC] stay[ed] in [his] system that long. I've seen users go as much as 40 to 45 days that were heavy users, individuals [that] we knew because they were under lock and key and video surveillance that weren't using. So it's possible; it's not likely. Most users are clean -- even heavy users are clean between three to four weeks but it is possible.

(Emphasis added.) Still yet, Officer Longoria testified that the next time appellant was tested for narcotics use in December 2018—126 days after being placed on community supervision—he tested negative. *Cf. id.* at *1–2 (in addition to finding defendant consumed marijuana in violation of condition of community supervision, trial court found defendant later violated other narcotics-related conditions of his community supervision by possessing marijuana and cocaine).

We conclude that the State did not meets its burden of proving that appellant "use[d], possess[ed], or consume[d] an[] illegal drug," namely, THC, on September 11, 2018 in violation of a condition of his community supervision. We hold that the trial court erred in adjudicating appellant's guilt and revoking his community supervision.

We sustain appellant's first issue.[4]

---

[4] We need not address appellant's second issue requesting modification of the trial court's judgment. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the trial court's judgment adjudicating appellant's guilt and revoking appellant's community supervision. We remand the case to the trial court for further proceedings consistent with this opinion.


Julie Countiss
Justice

Panel consists of Justices Kelly, Goodman, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).