

# NUMBER 13-20-00554-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**KRISTOPHER RODRIGUEZ,**                                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                         **Appellee.**

### On appeal from the 179th District Court of Harris County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Benavides

By two issues, appellant Kristopher Rodriguez challenges the trial court's revocation of his deferred adjudication community supervision. He argues that (1) the trial court erred by relying upon hearsay within hearsay and (2) the State failed to meet its burden. We affirm.

## I. BACKGROUND[1]

On January 30, 2020, Rodriguez pleaded guilty to terroristic threat, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.07. Pursuant to a plea bargain, Rodriguez was placed on deferred adjudication community supervision for a period of two years. The State filed a motion to adjudicate guilt on October 29, 2020, Rodriguez pleaded not true to the allegations, and the trial court held a hearing where Jonathan Charles, the Harris County Community Supervision Department (HCCSD) court liaison officer for the 179th District Court testified.[2] The State had alleged that Rodriguez failed to report to his community supervision officer in the months of April and May 2020 and failed to participate in an anger management program.[3] Charles explained that the records he relied on were the probation records kept for the court and were kept in the regular course of business and in the practice of the department. Charles also said that the entries in the records were made by persons with knowledge of the events at the time near when the events occurred.

Rodriguez objected to Charles testifying from the narratives kept in the records because they were "hearsay within hearsay" which he claimed "are not admissible as far as this kind of proceeding is concerned." Rodriguez also objected "to the proper predicate being laid" and asked that the entries be considered inadmissible. The trial court overruled

---

[1] This case is before this Court on transfer from the First Court of Appeals in Houston pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] Charles initially admonished Rodriguez regarding the conditions of community supervision as the court liaison officer, but stated that other HCCSD officers monitored Rodriguez while he served his community supervision term.

[3] The State's amended motion to adjudicate also alleged a "new law violation," which occurred on August 6, 2020, but the State did not proceed on that allegation at the adjudication hearing.

the objections. Charles stated that the records showed that Rodriguez was aware of his obligations and responsibilities while on community supervision and had reported to his community supervision officer in February 2020. In March 2020, due to the COVID-19 outbreak, Charles explained that the HCCSD changed its policy and in-person office visits stopped. A mass text message was sent to all the individuals on community supervision that required them to report to their supervision officers through "Skype video office meetings or phone call meetings." There were notes in Rodriguez's file that stated in April 2020, "there was an unsuccessful attempt in establishing a contact with [Rodriguez]" and in May 2020, "the officer e-mailed [Rodriguez] asking for his new telephone number." Charles stated he did not see any other notations in the file that indicated there had been any additional contact with Rodriguez. Regarding the anger management program, Charles said he did not see a start date in the file, and there were no records of completion.

On cross-examination, Charles agreed that Rodriguez still had several months remaining on his community supervision term and it was possible for a probationer to complete the anger management program later than six months into their term of community supervision.[4] On re-direct examination, Charles agreed that the six-hour anger management program could have been completed online prior to August 6, 2020, when Charles testified that Rodriguez was arrested for a new offense.

Following Charles's testimony, the trial court found that Rodriguez violated his probation, found him guilty of terroristic threat, and sentenced him to one year

---

[4] At the time of the revocation hearing, Rodriguez was incarcerated in the county jail.

confinement in the Harris County jail. This appeal followed.

## II.     ADJUDICATION OF GUILT

By two issues, Rodriguez argues that (1) the trial court erred by relying upon hearsay within hearsay from the community supervision file, and (2) the State failed to meet its burden that Rodriguez violated his conditions of community supervision.

## A.     Standard of Review and Applicable Law

"A revocation proceeding is neither criminal nor civil in nature—rather, it is an administrative proceeding." *Canseco v. State*, 199 S.W.3d 437, 438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *see Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). "At a revocation hearing, the State must prove by a preponderance of the evidence that the defendant has violated a condition of his community supervision." TEX. CODE CRIM. PROC. ANN. art. 42A.108; *Canseco*, 199 S.W.3d at 438. Appellate review of an order adjudicating guilt is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *see also Crooks v. State*, No. 01-20-00745-CR, 2021 WL 2832972, at *2 (Tex. App.—Houston [1st Dist.] July 8, 2021, no pet h.) (mem. op., not designated for publication). The evidence meets this standard when the greater weight of credible evidence creates a reasonable belief that a defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763–64. Proof of a single violation is sufficient to support revocation of community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *see Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

4

We examine the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd); *see also Randle v. State*, No. 01-19-00916-CR, 2020 WL 7391713, at *2 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, no pet.) (mem. op., not designated for publication). As the sole trier of fact, a trial court determines the credibility of the witnesses and the weight to be given to their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *see Garrett*, 619 S.W.2d at 174; *Jones*, 787 S.W.2d at 97.

## B.    Discussion

### 1.    Hearsay Challenge

Rodriguez first alleged that the trial court erroneously allowed hearsay within hearsay testimony by allowing Charles to testify regarding his community supervision file. Texas Rules of Evidence 803(6) allows into evidence records kept in the course of a regularly conducted business activity, in spite of the general hearsay exclusion. TEX. R. EVID. 803(6). To be properly admitted under the business records exception, the proponent must prove the document was made at or near the time of the events recorded, by or from information transmitted by a person with knowledge of the events, and made and kept in the course of a regularly conducted business activity. *Id*. The proper predicate for the introduction of a business record may be established through the testimony of a records custodian or other qualified witness, or by an affidavit that complies with the Texas Rules of Evidence. *See id.*; TEX. R. EVID. 902(10). Rule 803(6) does not require the predicate witness to be the record's creator or to have personal knowledge of the

5

contents of the records. *See* TEX. R. EVID. 803(6).

Charles testified that the records he was referencing were kept in the regular course of business and in the practice of the HCCSD. Rodriguez objected to Charles testifying about the community supervision file on the basis that the contents of the file were "hearsay within hearsay," while agreeing that the "business record predicate generally [had] been laid." The trial court overruled Rodriguez's objection but granted him a running objection to the testimony.

The Texas Court of Criminal Appeals has determined that a probation file is admissible as a business record, even though the testifying witness does not have personal knowledge of the entries in the file, so long as the personnel who made the entries did have personal knowledge of the facts therein. *Simmons v. State*, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978); *Canseco*, 199 S.W.3d at 440. Therefore, even though Rodriguez objected to Charles testifying from the information contained within the probation file, the probation file was properly authenticated under the business records exception. *See* TEX. R. EVID. 803(6); *Simmons*, 564 S.W.2d at 770. We conclude the trial court did not abuse its discretion in allowing Charles to testify from Rodriguez's probation file under Rule 803(6). Rodriguez's first issue is overruled.

### 2. Sufficiency Challenge

Rodriguez next claims the State did not meet its burden to prove he violated conditions of his community supervision. He argues there is "no evidence Rodriguez violated [the] conditions" as alleged.

6

However, in order to meet its burden, the State was only required to prove a violation of one condition of community supervision. *See Smith*, 286 S.W.3d at 342. Charles stated that Rodriguez failed to report to his community supervision officer for the months of April and May 2020, and we previously found that Charles's testimony fell under one of the exceptions to the hearsay rule. Charles also explained how the community supervision office changed its reporting policy after the COVID-19 outbreak in March 2020. He stated that all the individuals who were on community supervision were given instructions not to report in person and how to report by an electronic means or a phone call. The trial court is the sole determiner of the facts and credibility of the witness. *See Hacker*, 389 S.W.3d at 865. After hearing Charles's testimony, the trial court found that Rodriguez had violated the conditions alleged in the State's motion to adjudicate guilt. We do not find that the trial court abused its discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108; *Rickels*, 202 S.W.3d at 763; *see also Crooks*, 2021 WL 2832972, at *2. We overrule Rodriguez's second issue.

### III.   CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
26th day of August, 2021.

7