

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00201-CR

_____

QUINTLIN RENARD JIMERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14989

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

On July 31, 2018, the trial court entered a judgment of conviction against Quintlin Renard Jimerson and placed him on community supervision for a period of eight years. On August 24, 2018, the State filed its petition to revoke Jimerson's community supervision, alleging that he (1) committed the offense of criminal trespass on August 14, 2018, (2) failed to report to his community supervision officer for the month of August 2018, (3) failed to perform the required community service hours, (4) failed to notify his community supervision officer that he had had contact with law enforcement on August 14, 2018, (5) failed to pay the community supervision fee, and (6) failed to pay court costs, fines, and fees. On October 23, 2018, Jimerson pled not true to the allegations against him, and the trial court proceeded with a hearing on the State's petition to revoke Jimerson's community supervision. After hearing the testimony, the trial court found the State's allegations to be true, revoked Jimerson's community supervision, and sentenced him to eight years in prison.

On appeal, Jimerson argues that (1) the trial court erred when it assessed attorney fees against him, (2) the evidence was insufficient to support a finding that Jimerson committed the offense of criminal trespass, (3) the judgment revoking his community supervision should be modified to delete the trial court's finding that Jimerson committed the offense of criminal trespass, and (4) the case should be remanded for imposition of a lesser sentence. As modified, we affirm the trial court's judgment.

## I.     Attorney Fees

In this case, the trial court ordered the payment of attorney fees in its order placing Jimerson on community supervision and issued a new order to pay attorney fees in the judgment revoking

community supervision. In his first point of error, Jimerson contends that the trial court erred when it assessed attorney fees against him. Jimerson maintains that the trial court made a finding of indigency in the earlier proceeding and that there exists nothing in the record showing that the trial court modified its indigency finding.[1] Jimerson alleges that, in order to award attorney fees against him, the absence of an affirmative finding that he was no longer indigent negated the ability of the trial court to assess attorney fees against him. Jimerson asks this Court to modify the trial court's judgment by deleting the assessment of attorney fees. The State does not dispute Jimerson's position on this issue.

In *Wiley*, the State sought to revoke Wiley's community supervision, which was originally granted following his guilty plea to the offense of hindering apprehension. *See Wiley v. State*, 410 S.W.3d 313, 315 (Tex. Crim. App. 2013). The trial court revoked community supervision, imposed a sentence, and reiterated the requirement from the judgment imposing community supervision that Wiley pay court-appointed attorney fees incurred during the initial proceeding. *Id.* Wiley appealed, maintaining that the evidence was insufficient to support the earlier order imposing attorney fees. The Waco Court of Appeals held that Wiley had procedurally defaulted his claim. *Id.* at 316. The Texas Court of Criminal Appeals granted discretionary review, and in affirming the court of appeal's ruling, it stated that Wiley "forfeited it because he failed to bring it as a claim in a direct appeal from the order originally imposing community supervision." *Id.* at 318. The Texas Court of Criminal Appeals went on to say,

> The requirement that the appellant pay court costs did not exist solely as a function
> of the probationary contract between the appellant and the trial court. Because the

---

[1]"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2018).

obligation to pay attorney fees was already imposed by the judgment as a court cost, a reviewing court may treat it for purposes of appeal as it would treat any other judgment obligation for purposes of an evidentiary sufficiency claim; that is, a reviewing court may inquire whether the record rationally supports that obligation even in the absence of an objection in the trial court. . . .

But this also necessarily means that the appellant could readily have raised this sufficiency claim in a direct appeal from the initial judgment imposing community supervision. Failing to do so, we hold, constituted a procedural default . . . .

*Id.* at 320.

The record before us shows that Jimerson signed a document entitled "Conditions of Community Supervision," which recited his obligations for payment—including the obligation to pay $400.00 in attorney fees. The judgment placing Jimerson on community supervision also included the requirement that he pay $400.00 in attorney fees. Thus, Jimerson was aware of the existence of the attorney fees that were imposed during the original plea proceeding. If he were able to successfully appeal the assessment of the original $400.00 in attorney fees, it would have been that judgment he would have had to appeal. However, Jimerson waived his right of direct appeal from the community supervision judgment by the terms of the negotiated plea agreement with the State. Because he chose to waive his right of direct appeal, he has forfeited his claim as to the original $400.00 assessment, and may not attempt to revive the claim in his appeal from the revocation of his community supervision.

Nevertheless, the judgment of revocation shows the trial court assessed an additional $350.00 in court-appointed attorney fees against Jimerson. Because Jimerson was found to be indigent and is presumed to remain indigent absent record proof of a material change in his circumstances, the assessment of the additional $350.00 for court-appointed attorney fees was

4

improper. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 340 S.W.3d at 557. The State concedes this point and agrees the judgment should be modified in that regard. We have the authority to modify a judgment and affirm it as modified if there is no reversible error. *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments).

Accordingly, we modify the trial court's judgment by deleting the assessment of $350.00 in attorney fees.

## II. Sufficiency of the Evidence

Next, Jimerson contends that the evidence was insufficient to support the trial court's finding that he committed the offense of criminal trespass. We disagree.

### A. Standard of Review

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). To justify revocation of a defendant's community supervision, the State must prove, by a preponderance of the evidence, that the defendant violated a term of his community supervision. *Id*. A preponderance of the evidence exists when the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his supervision. *Id*. at 764; *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). The trial court is not authorized to revoke supervision without a showing that the defendant violated a condition of the community supervision imposed by the court. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987).

5

A person commits criminal trespass if he "enters or remains on or in property of another . . . without effective consent and the person: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." TEX. PENAL CODE ANN. § 30.05(a) (West 2019). Jimerson contends, "An admission that [he] walked onto complainant's property did not show commission of criminal trespass where there was no evidence of any notice that entry was forbidden." In relevant part, Section 30.05(b)(2) of the Texas Penal Code defines "[n]otice" as "oral or written communication by the owner or someone with apparent authority to act for the owner[,]" or "a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden[.]" TEX. PENAL CODE ANN. § 30.05(b)(2)(A), (C) (West 2019).

### B.     Summary of the Testimony at the Revocation Hearing

During the hearing, David Cheatham, a police officer with the Longview Police Department, testified that, on August 14, 2018, he and Officer Nora Cheatham[2] were dispatched to Express Inn on Estes Parkway in response to "a criminal trespass in progress." Upon arrival, the officers went to the door of room 325, where they met with the owner of the Express Inn, Bob Patel.

Patel informed the officers that "people" had been inside room 325, that they had not paid for the room, and that he had not given them permission to be inside the room. When the officers entered the room, they discovered four individuals, whom David Cheatham described as three black males and one white female. David Cheatham stated that Jimerson identified himself.

---

[2]In addition to being employed as a police officer for the Longview Police Department, Nora Cheatham is the wife of Officer David Cheatham. Officer Nora Cheatham also testified during the hearing. Her testimony corroborated Officer David Cheatham's version of events.

Another one of the individuals proceeded to explain that a friend had allowed them into the motel room. Yet, according to David Cheatham, "no one could produce such a friend or the name of a friend." All four of the individuals admitted that they had not paid for the room.

Patel testified that he owned the Express Inn, that he had not given anyone permission to be in room 325, and that the rooms were locked when they were not being used by customers. Patel also explained that there were signs around the property indicating that people were not allowed on the property without permission. Jimerson testified that he had been invited into the motel room by one of the other individuals present in the room and that another friend had rented the room. According to Jimerson, the door to the motel room was open when he arrived. He also stated that he did not break into the room and did not observe any signs on the premises giving him notice that he was not allowed to be on the property.

## C. Analysis

In a community supervision revocation hearing, the trial court is the sole trier of fact. *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). The trial court also "determines the credibility of the witnesses and the weight to be given their testimony." *Id.* The trial court may accept or reject any or all of the witnesses' testimony. *Alvarado v. State*, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). In this case, it appears that the trial court accepted Patel's testimony regarding the issue of notice, which it was well within its discretion to do. We therefore conclude that there was sufficient evidence to support the trial court's finding that Jimerson

7

committed the offense of criminal trespass, and, therefore, that the trial court did not abuse its discretion when it revoked Jimerson's community supervision.[3]

We overrule Jimerson's second point of error.[4]

## III.    Conclusion

We modify the judgment of the trial court by deleting the $350.00 assessment for court-appointed attorney fees.  As modified, the trial court's judgment is affirmed.

Ralph K. Burgess
Justice

Date Submitted:     February 20, 2019
Date Decided:       May 22, 2019

Do Not Publish

---

[3]The State alleged several other allegations against Jimerson in its petition to revoke his community supervision.  We find it unnecessary to address the sufficiency of the evidence as it relates to the additional allegations because proof by a preponderance of evidence as to any *one* of the alleged violations of the conditions of community supervision is sufficient to support a trial court's decision to revoke community supervision. *Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).

[4]Because we find that the State proved by a preponderance of the evidence that Jimerson committed criminal trespass, Jimerson's request that his case be remanded to the trial court for a new sentencing hearing is moot.

8